Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5958 | **DATE** | August 7, 2001 |
| **CASE TITLE** | *Ibikunle Sunday Fayemi vs. Aurelia Pucinski* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part defendant's motion to dismiss. Plaintiff's official-capacity claim is dismissed with prejudice. Defendant is given until August 27, 2001 to answer or otherwise plead.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 8 2001 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -7 PM 3: 20 | date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 0 8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IBIKUNLE SUNDAY FAYEMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 5958 |
| | ) | |
| AURELIA PUCINSKI, individually | ) | Judge James H. Alesia |
| and as CLERK OF COURT OF | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the court is defendant Aurelia Pucinski's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Ibikunle Fayemi's complaint. For the following reasons, the court grants in part and denies in part Pucinski's motion to dismiss.

## I. BACKGROUND

Plaintiff Ibikunle Fayemi ("Fayemi"), proceeding pro se, has brought a § 1983 action against defendant Aurelia Pucinski ("Pucinski") in her individual capacity, as well as in her official capacity as Clerk of Court of Cook County. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Pucinski moves to dismiss this action, claiming that (1) Fayemi failed to allege the requisite nexus to bring an individual-capacity claim; (2) this court lacks subject matter jurisdiction over Fayemi's official-capacity claim; and (3) Fayemi has failed to allege a policy or practice in his official-capacity claim.

13

In his complaint, Fayemi alleges the following facts which, for purposes of ruling on a motion to dismiss, are taken as true. In June 1999, Fayemi sent a letter to Pucinski requesting a refund of his bail money; he was advised by the clerk that the money had been sent to an attorney. Fayemi then requested the name of that attorney, as he had not authorized anyone to receive this refund, but received no response. Then, Fayemi attempted to bring suit against the clerk in state court for "carelessly given (*sic*) away his money" and for deprivation of property without due process. In the current action, Fayemi alleges that the clerk failed to file the state court action. Specifically, Fayemi alleges that he seeks "redress against the clerk's deliberate indifference in not allowing Plaintiff to seek redress in the state court because she was the one to file the claim against herself and she refused to, therefore abusing her office and frustrating a state citizen's constitutional right to use the court system for redress." (Pl.'s Compl., Statement of Claim at ¶ 3.) Thus, in his current complaint, Fayemi alleges that he was deprived of his property without due process and that he was denied access to the court system.

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

Under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court may dismiss a complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-45 (1957). Where, as here,

a pro se plaintiff's complaint is challenged, the complaint must be liberally construed. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

B. **Individual-capacity claim**

Fayemi seeks relief against Pucinski in her individual capacity. Pucinski argues that Fayemi has failed to allege that she was directly involved and that, as a supervisor, she can only be liable if it is alleged that she knew of the conduct of which Fayemi complains. In response, Fayemi states that he alleges in his complaint that it was Pucinski herself who refused to return his money and who refused to accept his state court claim.

To state a claim for personal liability under § 1983, a plaintiff must allege that the defendant was personally involved in the deprivation of his constitutional rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). "'Personal involvement' requires an overt act, or a failure to act, 'with a deliberate or reckless disregard of plaintiff's constitutional rights ....'" *McMurray v. Shahan*, 927 F. Supp. 1082, 1087 (N.D. Ill. 1996) (quoting *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)). Thus, in order for an individual to be liable in a § 1983 claim, Fayemi must show Pucinski's direct responsibility for the improper action. *Farrar v. Glantz*, No. 00 C 275, 2000 WL 574692, at *4 (N.D. Ill. May 9, 2000) (citations omitted). Further, to succeed on his individual-liability claim, Fayemi must allege that Pucinski acted with deliberate indifference. *Kitzman-Kelley v. Warner*, 203 F.3d 454, 458-59 (7th Cir. 2000).

3

In this case, Fayemi alleges that Pucinski herself refused to file his state court complaint.[1] Specifically, Fayemi alleges that Pucinski acted with "deliberate indifference in not allowing Plaintiff to seek redress in the state court because she was the one to file the claim herself and she refused to" file that claim. (Pl.'s Compl., Statement of Claim at ¶ 3.) Further, while in general he refers to the "clerk" as the person he spoke with in conjunction with obtaining his refunded bail money, he does refer to the clerk as a "she" in his prayer for relief: "Plaintiff wants the defendant to pay him ... for the money she carelessly gave away without Plaintiff's authorization ...." (Pl.'s Compl., Relief at ¶ 1.) Thus, the court finds that Fayemi has sufficiently pleaded a § 1983 claim against Pucinski in her individual capacity. *See McMurray*, 927 F. Supp. at 1087-88 (finding that plaintiff properly pleaded an individual-capacity claim by alleging that defendant, Pucinski, knew for the problems but did nothing); *Carroll v. Pucinski*, No. 91 C 3210, 1992 WL 59126, at *2 (N.D. Ill. Mar. 16, 1992) (finding that Pucinski's official position as Clerk is sufficient to permit an inference of personal involvement until such time as she comes forward and identifies those persons who failed to process plaintiff's papers). *Cf. Farrar*, 2000 WL 574682, at *4 (holding that plaintiff did not properly plead an individual-capacity claim because

---

[1] In her reply brief, Pucinski claims that Fayemi does not allege that it was Pucinski herself who was allegedly involved in the incidents at issue, but that those allegations are raised for the first time in his response brief. The court disagrees. There are allegations contained in the complaint averring that Pucinski herself was involved. Further, construing the pro se complaint liberally, as the court is required to do, the court finds that allegations concerning the "clerk" could be a reference to Pucinski herself. But to be clear, in ruling on this motion to dismiss, the court is considering only those allegations contained in Fayemi's complaint, not those from his response brief.

4

she did not allege that defendant Pucinski entered the incorrect information herself). Accordingly, the court denies Pucinski's motion to dismiss Fayemi's individual capacity claim.[2]

C. **Official-capacity claims**

Fayemi seeks relief against Pucinski in her official capacity. Pucinski argues that this court lacks jurisdiction over the official capacity claim under the Eleventh Amendment and, alternatively, that the Court of Claims has exclusive jurisdiction against any claims brought against the state. Moreover, Pucinski claims that Fayemi has failed to allege a policy or practice. In response, Fayemi states that Pucinski is not a state agent, but a county official, and the Eleventh Amendment does not apply.

Eleventh Amendment issues arise whenever a private party files a federal lawsuit against a state or a state official. *Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Under the Eleventh Amendment, each state remains a sovereign entity and may not be sued by any individual without that state's consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Federal district courts lack original subject matter jurisdiction over claims barred by the Eleventh Amendment. *Porter v. Illinois*, 36 F.3d 684, 691 (7th Cir. 1994) (holding that an action

---

[2]The court doubts seriously that Pucinski herself was at the desk processing – or allegedly refusing to process – paperwork. However, even if Fayemi's complaint was insufficient in alleging that Pucinski was personally involved, "[a] supervisory official cannot obtain dismissal of a pro se complaint simply by claiming noninvolvement." *Carroll*, 1992 WL 59126, at *2 (citing *Chavis v. Rowe*, 643 F.2d 1281, 1290 (7th Cir. 1981)).

brought against the state officials in their official capacities was not properly removed to federal court because the district court lacked jurisdiction). Specifically, the Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, state agency, or state official. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1993).

The Clerk of Court is a state employee and, consequently, is a state agent for purposes of Eleventh Amendment immunity. *Curry v. Pucinski*, 864 F. Supp. 839, 843 (N.D. Ill. 1994) (dismissing official-capacity claims against Pucinski because her status as Clerk of Court made her a state agent and triggered Eleventh Amendment immunity). *See also Warren v. Stone*, 985 F.2d 1419 (7th Cir. 1992) (finding that, in Illinois, a court clerk is a state employee). To the extent that Fayemi brings suit against Pucinski in her official capacity, the suit is against the state government, and, as such, the official-capacity claim is barred by the Eleventh Amendment. Thus, this court lacks subject matter jurisdiction over Fayemi's official-capacity claim. Accordingly, the court grants Pucinski's motion to dismiss Fayemi's official-capacity claim.

Alternatively, even if this court had not found that it lacked original subject matter jurisdiction because of the Eleventh Amendment, the present official-capacity claim still must be brought in the state court. The Illinois legislature enacted the Illinois Court of Claims Act, 705 ILL. COMP. STAT. 505/8 *et seq.*, which provides for sovereign immunity for the actions brought against the state or its officials unless such a suit is filed in the Illinois Court of Claims. *Wells v. Vincennes Univ.*, 982 F.2d 1147, 1151 (7th Cir. 1993).[3] Any state law remedy which may be available to plaintiffs must come in a state court action. *See Feldman v. Ho*, 171 F.3d

---

[3] In creating this statute, which confines damages suits to a particular court, Illinois did not waive its Eleventh Amendment immunity to suit in federal court. *Osteen v. Henley*, 13 F.3d 221, 224 (7th Cir. 1993) (citations omitted).

494, 498 (7th Cir. 1999) (finding that, because of the Eleventh Amendment, the plaintiff's claims against the state could not be brought in federal court, and entering judgment against plaintiff without prejudice so that he might file suit in Illinois Court of Claims); *see also Magdziak v. Byrd*, 96 F.3d 1045, 1048-49 (7th Cir. 1996) (holding that tort actions brought against a state actor must be brought in the Illinois Court of Claims, and the district court's dismissal of such claims was proper).

The court's determination that the official-capacity claims are barred by the Eleventh Amendment renders consideration of Pucinski's additional reasons for dismissal unnecessary.

### III. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant Pucinski's motion to dismiss. The motion is granted as to the official-capacity claim, and that claim is dismissed with prejudice; the motion is denied as to the individual-capacity claim. Defendant is given until August 27, 2001 to answer or otherwise plead to the individual-capacity claim.

Date: AUG 0 7 2001

James H. Alesia
United States District Judge

7